UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ADAM L. CIJKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-168 |
| | ) |
| JAMES BAKER AND MORGAN ROGERS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND
GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE
AN AMENDED COMPLAINT**
(Docs. 9, 13, & 15)

This matter came before the court for a review of the Magistrate Judge's March 19, 2021 Report and Recommendation ("R & R") (Doc. 13), in which he recommended the court grant the motion to dismiss filed by Defendants James Baker, Commissioner of the Vermont Department of Corrections ("DOC"), and Morgan Rogers for failure to state a plausible claim for relief. (Doc. 9.) The Magistrate Judge further recommended that the court grant Plaintiff leave to file an Amended Complaint. Neither party has filed an objection to the R & R, and the time period to do so has expired.

On April 12, 2021, Plaintiff filed a motion for an extension of time to file an Amended Complaint for an addition thirty to forty-five days due to a COVID-19 lockdown at Northern State Correctional Facility where he is housed and his positive test results. (Doc. 15.)

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his Complaint, filed pursuant to 42 U.S.C. § 1983, self-represented Plaintiff Adam L. Cijka asks the court to remove a detainer lodged against him by a state prosecutor in Pennsylvania, dismiss the pending Pennsylvania indictment, and award monetary damages.

In his thorough fifteen-page R & R, the Magistrate Judge carefully reviewed the factual allegations and requests for relief and correctly determined that Plaintiff's Complaint should not be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). Specifically, the Magistrate Judge concluded that Plaintiff's allegations regarding Defendants' failure to follow the proper procedural steps under Articles III(a) and IV(a) of the Interstate Agreement on Detainers Act ("IADA") and the resulting harm he allegedly suffered satisfied the jurisdictional requirements of standing. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("To satisfy this jurisdictional requirement, (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision.") (internal quotation marks omitted).

With respect to Defendants' alternative argument for dismissal under Fed. R. Civ. P. 12(b)(6), the Magistrate Judge properly examined the factual allegations contained in the Complaint and concluded Plaintiff's request for monetary damages against Defendants in their official capacities is barred by Eleventh Amendment sovereign immunity, which Vermont has not waived. *See* 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). As a result, Plaintiff may not sue the State of Vermont or its employees acting in their official capacity for monetary damages in federal court. *See Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear[] . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The Magistrate Judge additionally determined dismissal was warranted because Plaintiff failed to allege Defendants' personal involvement in the purported unlawful conduct. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Similarly, because Plaintiff did not allege Defendants' personal involvement as supervisors or their gross negligence in supervising subordinates who were involved in the allegedly unconstitutional conduct, the court agrees with the Magistrate Judge's determination that mere "linkage in the . . . chain of command" is insufficient to plausibly state a claim for relief. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) ("[T]he doctrine of respondeat superior does not apply."); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (holding defendant cannot "be held personally responsible simply because he was in a high position of authority").

Finally, the Magistrate Judge recommended dismissal because Plaintiff failed to allege a plausible claim for relief. No party has raised an objection to these conclusions, which the court adopts in their entirety.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). The court grants Plaintiff leave to file an Amended Complaint within forty-five (45) days from the date of this Opinion and Order.

If Plaintiff chooses to file an Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the initial Complaint in all respects. Plaintiff's claims must be short and plain and set forth in separately numbered paragraphs. *See* Fed. R. Civ. P. 10(b). For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet.

The court finds Plaintiff's motion for additional time to file his Amended Complaint presents good cause for doing so and hereby GRANTS Plaintiff the requested extension.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 13) as the court's Opinion and Order, GRANTS Defendants' motion to dismiss (Doc. 9), and DISMISSES Plaintiff's Complaint. (Doc. 5.) Plaintiff motion for an extension of time to file an Amended Complaint is GRANTED (Doc. 15) and Plaintiff shall file an Amended Complaint within forty-five (45) days of the date of this Opinion and Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of April, 2021.

Christina Reiss, District Judge
United States District Court