UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ADAM L. CIJKA, )
 )
    Plaintiff, )
 )
v. ) Case No. 2:20-cv-168
 )
JAMES BAKER AND MORGAN ROGERS, )
 )
    Defendants. )

## OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
(Docs. 21 & 24)

This matter came before the court for a review of the Magistrate Judge's February 11, 2022 Report and Recommendation ("R & R") (Doc. 24), in which he recommended the court grant the motion to dismiss filed by Defendants James Baker, Commissioner of the Vermont Department of Corrections ("DOC"), and Morgan Rogers, a DOC employee. (Doc. 21.) Neither party has filed an objection to the R & R, and the time period to do so has expired.[1]

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the

---

[1] On February 11, 2022, a copy of the R & R was mailed to Plaintiff Adam Cijka at the address he provided. On March 11, 2022, the court's mailing was returned as undeliverable. Pursuant to this court's Local Rules, Plaintiff was required to update the Clerk's Office if his mailing address changed. *See* L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address or telephone number.").

factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his Amended Complaint, Plaintiff, who is self-represented, asks the court to remove a detainer lodged against him by a Pennsylvania prosecutor and dismiss a pending Pennsylvania indictment. In his well-reasoned eighteen-page R & R, the Magistrate Judge carefully reviewed Plaintiff's factual allegations and requests for relief and correctly determined that the Amended Complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) because this court lacks the authority to dismiss the detainer and the indictment.

With respect to Defendants' alternative argument for dismissal under Fed. R. Civ. P. 12(b)(6), the Magistrate Judge properly concluded that dismissal on this alternative ground was warranted because Plaintiff failed to plausibly allege Defendants' personal involvement in the allegedly unconstitutional conduct. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *see also Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (requiring a plaintiff to allege that supervisors were more a mere "linkage in the . . . chain of command[]").

Finally, the Magistrate Judge recommended dismissal without leave to amend because Plaintiff failed to allege claims for which the court can provide relief under either Article III or IV of the Interstate Agreement on Detainers Act. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2015) (observing the court may deny leave to amend where amendment is futile due to a substantive problem with a cause of action that cannot be cured by better pleading). No party has raised an objection to these conclusions, which the court adopts in their entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 24) as the court's Opinion and Order, GRANTS Defendants' motion to dismiss (Doc. 21), and DISMISSES Plaintiff's Amended Complaint. (Doc. 20.) The Clerk's Office is respectfully directed to close this case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of March, 2022.

Christina Reiss, District Judge
United States District Court